

**FILED**

NÄ

AUG 1 1 2006

MICHAEL W. DOBBINS
CLERK. U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION, )
                                       )
               Plaintiff, )
                                         )
           v. )
                                           )
CITY COLLEGES OF CHICAGO D/B/A )
WILBUR WRIGHT COLLEGE )
                                         )
            Defendant. )
                                         )

**06CV4346**
**JUDGE FILIP**
**MAGISTRATE JUDGE DENLOW**

COMPLAINT
JURY TRIAL DEMAND

## NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act to correct unlawful employment practices on the basis of age and to provide appropriate relief to Rosemary Crane ("Crane"). The Commission alleges that, Crane, d.o.b. 1937, is an adjunct instructor at Wilbur Wright College who has been repeatedly turned down for a full-time tenure position at the College, most recently in 2004 and 2005, because of her age.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2.     The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division.

PARTIES

3.     Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4.     At all relevant times, Defendant, City Colleges of Chicago d/b/a Wilbur Wright College ("Defendant"), one of seven colleges that comprise the City College of Chicago, has continuously been doing business in the State of Illinois and the City of Chicago, and has continuously had at least 20 employees.

5.     At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

CONCILIATION

6.     Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

STATEMENT OF CLAIMS

7.     Since at least 2004, the Defendant has engaged in unlawful employment practices at its Chicago, Illinois facility, in violation of Section 4 of the ADEA, 29 U.S.C. § 623(a). The practices include failure to hire Crane as a full-time, tenure track instructor because of her age.

2

8.      The effect of the practices complained of in paragraph 7 above has been to deprive Crane of equal employment opportunities and otherwise adversely affect her status as an employee, because of her age.

9.      The unlawful employment practices complained of in paragraph 7 above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of age against individuals 40 years of age and older.

B.      Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals 40 years of age and older, and which eradicate the effects of its past and present unlawful employment practices.

C.      Grant a judgment requiring Defendant to pay appropriate back wages in an amount to be determined at trial, an equal sum as liquidated damages, and prejudgment interest to Crane.

D.      Grant a judgment requiring Defendant to appoint Crane to a full-time, tenure track position.

E.      Grant such further relief as the Court deems necessary and proper in the public interest.

F.      Award the Commission its costs of this action.

3

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

James Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 "L" Street, N.W.
Washington, D.C. 20507

John C. Hendrickson
Regional Attorney

Jean P. Kamp
Associate Regional Attorney

Jeanne B. Szromba
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Chicago District Office
500 West Madison Street
Suite 2800
Chicago, IL 60661
(312) 353-7546

4